IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**MITCHELL HARRIS,**

    **Petitioner,**

**v.**　　　　　　　　　　　　　　　　　　**Case No. 4:15cv240-RH/CAS**

**SECRETARY, DEPARTMENT
OF CORRECTIONS,**

    **Respondent.**
_____/

**REPORT AND RECOMMENDATION TO
DENY MOTION FOR RELIEF FROM JUDGMENT**

Petitioner has filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(4) alleging that the judgment in this case is void. ECF No. 41. Petitioner, a prisoner in state custody, is currently serving a life sentence for attempted second-degree murder and armed burglary.

**A. Background**

On April 26, 2015, Petitioner filed a § 2254 petition challenging his state court convictions and sentence. ECF No. 1. A Report and Recommendation to Deny § 2254 Petition was filed on May 3, 2017. ECF No. 21. Petitioner filed objections, ECF No. 24, which were denied, and the

Report and Recommendation was adopted by order entered August 10, 2017. ECF No. 25. A Clerk's Judgment was entered on August 11, 2017. ECF No. 26. A certificate of appealability was denied. ECF No. 24, 28.

Petitioner filed a request for certificate of appealability on October 20, 2017, which was treated as a notice of appeal. ECF No. 29. A document designated notice of appeal was filed on December 26, 2017. ECF No. 36. On June 4, 2018, the Eleventh Circuit issued an order denying a certificate of appealability, which also served as the mandate in case number 17-14953-J, stating that Petitioner failed to make a substantial showing of the denial of a constitutional right. *See* ECF No. 38. On August 23, 2018, Petitioner's motion for reconsideration was denied by the Eleventh Circuit "because he has offered no new evidence or arguments of merit to warrant relief." *See* ECF No. 40.

On September 17, 2018, Petitioner filed a motion for relief from judgment in this Court, ECF No. 41, seeking to have this Court's judgment denying his § 2254 petition with prejudice vacated as void for lack of subject matter jurisdiction for a number of alleged reasons, including that the Court had no jurisdiction "to determine the merits of state law" or "to make a determination on entirely state law claims." ECF No. 41 at 9, 11.

## B. Legal Principles

Generally, a judgment is void under Rule 60(b)(4) "if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." Burke v. Smith, 252 F.3d 1260, 123 (11th Cir. 2001) (internal quotation marks and citation omitted). "Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of jurisdictional defect generally have reserved relief for the exceptional case in which the court that rendered judgment lacked even an arguable basis for jurisdiction." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010) (internal quotation omitted). A judgment is not void merely because it is erroneous. United States v. Berke, 170 F.3d 882, 883 (9th Cir. 1999). "Absence of subject matter jurisdiction may . . . render a judgment void . . . . [o]nly where there is a plain usurpation of power, when a court wrongfully extends its jurisdiction beyond the scope of its authority." Kansas City S. Ry. Co. v. Great Lakes Carbon Corp., 624 F.2d 822, 825 (8th Cir. 1979). "Stated another way, such plain usurpation of power occurs when there is a 'total want of jurisdiction' as distinguished from 'an error in the exercise of jurisdiction.'" *Id.* "In the interest of finality, the concept of setting aside a judgment on

voidness grounds is narrowly restricted." <u>V.T.A., Inc. v. Airco, Inc.</u>, 597 F.2d 220, 225 (10th Cir. 1979).

The concept of a void judgment under Rule 60(b)(4) is narrowly construed because of the threat to finality of judgments and the risk that litigants will use the rule to circumvent the appeal process. <u>Wendt v. Leonard</u>, 431 F.3d 410, 412 (4th Cir. 2005). In fact, a lack of subject-matter jurisdiction will not necessarily render a judgment void under Rule 60(b)(4). The jurisdictional error must be egregious before the court will vacate the judgment as void. <u>Wendt</u>, 431 F.3d at 413 (citing <u>United States v. Tittjung</u>, 235 F.3d 330, 335 (7th Cir. 2000) ("A lack of subject matter jurisdiction will not always render a final judgment void under Rule 60(b)(4). Only when the jurisdictional error is egregious will courts treat the judgment as void.")).

## C. Analysis

Petitioner alleges that the Court denied his § 2254 petition "on unexhausted claims with prejudice thus denying Petitioner any opportunity to return to the state court to exhaust his claims notwithstanding the fact that Petitioner did not have an available remedy to exhaust his claims in the state court." ECF No. 41 at 4-5. He also contends that the Court acted

"without jurisdiction to rule on Petitioner's state law claims and thereafter deny him certificate of appealability thereon." *Id.* at 5.

In support of these arguments, Petitioner alleges that the Report and Recommendation to Deny § 2254 Petition, which was adopted by the district judge, contained unexhausted claims which should have been dismissed without prejudice, rather than denied. He also argues that he never alleged in his petition that he was in custody in violation of any laws, treaties, or constitutional provisions of the United States. *Id.* at 6.

Petitioner is incorrect that he did not allege any federal claims in his § 2254 petition. ECF No. 41 at 6. Petitioner alleged in his petition that he was held in the Santa Rosa Correctional Institution. ECF No. 1 at 1. He alleged had been convicted of attempted second-degree murder and armed burglary. *Id.* In response to the directive in the petition to state every ground on which he claims he is held in violation of the Constitution, laws, or treaties of the United States, Petitioner lists grounds one through nine contained in his Rule 3.850 motion. ECF No. 1 at 5. In the conclusion portion of his § 2254 petition, he states:

> Petitioner's claims are fully federalized under the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution—right to effective assistance of counsel. The state court decisions were contrary to a reasonable application of federal law and the state court's reasoning was contrary to the facts, as applied to the law.

ECF No. 1 at 7.  In Petitioner's objection to the Report and Recommendation, he states that "his 4th, 5th, 6th, and 14th Constitutional Rights have been violated" and that "Ineffective Assistance of Trial Counsel occurred."  ECF No. 24 at 2-4.  Thus, contrary to Petitioner's assertion, he raised a federal constitutional challenge to his state convictions and sentences in his § 2254 petition.  Petitioner next contends that the judgment is void because the Court ruled on solely state law claims.  ECF No. 41 at 7, 11.  This is also incorrect.  The Report and Recommendation addresses Petitioner's nine claims of constitutional ineffective assistance of counsel.  In denying the claims, the Court relied solely on federal law.

In further support of his motion for relief from judgment, Petitioner argues, "The Magistrate Judge has made a fact determination that all claims presented in Petitioner's federal habeas corpus petition[] was not exhausted in the state court . . . ."  ECF No. 41 at 7.  He seeks relief from judgment by entry of dismissal of his petition without prejudice to allow him to return to state court to exhaust his claims.  Most, but not all, the claims in his § 2254 petition were unexhausted.  Ground 2 was unexhausted because it was abandoned in the state post-conviction proceeding.  Ground 3 was exhausted.  Grounds 1, 4, 5, 6, 7, and 9 were unexhausted because, although they were raised and heard in the post-conviction court, denial

was not appealed. Portions of Ground 8, which alleged a number of subclaims, were abandoned in the postconviction court. However, in each of the unexhausted claims, the magistrate's order went on to explain why, regardless of any procedural default, the claims of ineffective assistance of counsel, when examined under the requirements of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), were without merit.[1] Thus, the claims were not denied because they were unexhausted, as Petitioner suggests, but were denied because they lacked merit.

Petitioner contends that the petition should have been dismissed without prejudice to allow him to return to state court to fully exhaust all the claims. However, even if Petitioner did return to State court and sought to obtain federal constitutional rulings in all appropriate state courts on the claims that the Court noted were unexhausted, that attempt would be foreclosed by state law. The claims would be barred as untimely or successive because most were litigated in the initial Rule 3.850 motion before the post-conviction court and because a second motion would be untimely and without authorized grounds under Rule 3.850.

---

[1] Most of the unexhausted claims were due to failure to raise the denial of the claims in the post-conviction appeal. Petitioner filed a pro se post-conviction appeal addressing only two claims. Ex. L. However, the state addressed every claim in its answer brief. Ex. M. The appellate court affirmed without discussion. Ex. O.

Case No. 4:15cv240-RH/CAS

Rule 3.850 provides that a second or successive motion is an "extraordinary pleading" and may be dismissed if it alleges new grounds that could have been raised in a prior motion. Fla. R. Crim. P. 3.850(h)(2). If Petitioner returned to State court and filed a second Rule 3.850 motion raising the same grounds that were previously raised in the initial Rule 3.850 motion in an attempt to exhaust his federal claims, state law would bar relitigation of that successive motion. Further, the motion would be untimely unless it met the strict exceptions of the rule for motions filed outside the time limits of the rule, none of which are applicable here. *See* Fla. R. Crim. P. 3.850(b)(1), (2), and (3). The rule provides that motions under the rule are untimely if filed more than two years after the judgment and sentence in question becomes final. Petitioner's judgment and sentence became final under state law on November 28, 2012, when the mandate was entered in his direct appeal. Ex. I.

Because Petitioner's § 2254 petition contains both exhausted and unexhausted claims, Petitioner's section 2254 petition is a "mixed petition." *See* Rose v. Lundy, 455 U.S. 509, 510 (1982) (explaining that mixed petitions contain both exhausted and unexhausted claims). In Lundy, the Supreme Court held "that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims," leaving the petitioner

with the choice of returning to State court or amending to proceed on only the unexhausted claims. *Id.* Thus, the holding in Lundy is premised, in part, on the assumption that the prisoner had "the choice" of returning to state court to litigate his unexhausted claims. *Id.* at 514. Any such choice for Petitioner in this case would be a meaningless one due to the state procedural bars that would apply to his claims.

It is appropriate for the federal court to determine whether any attempt by Petitioner to exhaust his claims in state court would be futile under state law. *See* Bailey v. Nagle, 172 F.3d 1299, 1303 (11th Cir. 1999) (citing Snowden v. Singletary, 135 F.3d 732, 737 (11th Cir. 1998) ("Federal courts may apply state rules about procedural bars to conclude that further attempts at exhaustion would be futile."). Most of Petitioner's post-conviction claims were unexhausted due to failure to appeal the denied claims to the state appellate court. Petitioner does not now have the opportunity to go back and file an untimely state appeal as to those post-conviction denials.[2] *See* Fla. R. Crim. P. 3.850(k) (appeals may be taken within 30 days); Fla. R. App. P. 9.141 (appeals are to be taken as in civil

---

[2] *See also* Snowden, 135 F.3d at 737 (holding that the district court properly concluded that no reasonable possibility existed for defendant, in state court, to raise as federal constitutional issues which he failed to raise throughout his direct appeal and in his first state post-conviction petition.)

Case No. 4:15cv240-RH/CAS

cases except as provided); Fla. R. App. P. 9.110(b) (notice of appeal to be filed within 30 days of rendition of final order).  And, any attempt to relitigate unexhausted claims already presented to the state post-conviction court would be barred as successive by Rule 3.850, or if never presented, would be determined to be untimely under the rule.  *See, e.g.*, Mills v. State, 684 So. 2d 801, 804 n.3 (Fla. 1996) (noting that defendant's failure to raise the constitutional issues surrounding errors alleged in his first post-conviction petition in Florida courts bars him from raising these new issues in a successive petition).

Based on the foregoing, denial of Petitioner's unexhausted § 2254 claims on the merits was proper and specifically anticipated by 28 U.S.C. § 2254(b)(2), which provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust remedies available in the courts of the state."  "A federal district court ordinarily must dismiss a 'mixed' habeas petition (one which contains both exhausted and unexhausted claims) without prejudice . . . . [b]ut, when it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, we can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief."  Snowden, 135

F.3d at 736 (citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)). *See also* Thompson v. Sec'y for Dep't of Corr., 517 F.3d 1279, 1283-84 (11th Cir. 2008) (holding that the Court may deny an unexhausted claim pursuant to § 2254(b)(2)); Gilbert v. Sec'y, Dept. of Corr., 447 F. App'x 60, 60 (11th Cir. 2011) (unpublished) (citing Snowden, 135 F.3d at 736). This Court's denial of Petitioner's unexhausted claims on the merits, under the circumstances in this case, was therefore proper.

Petitioner also argues in his Rule 60(b)(4) motion that the judgment is void for lack of the Court's jurisdiction to rule on purely state law claims. ECF No. 41 at 7. This is an incorrect characterization of the Report and Recommendation. Every ground raised by Petitioner was based on allegations that his trial counsel rendered ineffective assistance in violation of the "Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution—right to effective assistance of counsel." ECF No. 1 at 7. The merits determinations in the Report and Recommendation were based on the requirements set forth by United States Supreme Court in Strickland concerning a defendant's federal constitutional right to effective assistance of counsel.

Accordingly, Petitioner has not demonstrated that the judgment in this case is void for lack of jurisdiction. Further, Petitioner has not shown any

"extraordinary circumstances" justifying the reopening of the final judgment under Rule 60(b)(6).

## Conclusion

Based on the foregoing, Petitioner Mitchell Harris is not entitled to relief sought under Rule 60. Accordingly, the Motion for Relief From Judgment (ECF No. 41) should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether

a certificate should issue." The parties shall make any argument as to whether a certificate should issue by objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

### Recommendation

It is therefore respectfully **RECOMMENDED** that the Court **DENY** the Motion for Relief From Judgment (ECF No. 41). It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on September 24, 2018.

<u>S/ Charles A. Stampelos</u>
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed.**

**R. Civ. P. 72(b)(2).** <u>**Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control**</u>**. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**